*Northern District*

No. 7899

THEODORE E. ANDREWS

v.

EASTERN ENGRAVERS, INC.

Argued: Oct. 5, 1972 - Decided: Oct. 30, 1972

160

*Present:* Parker, P.J., Mason, J.

Case tried to *King, J.* in the District Court of Newton, No. 24721.

**Parker, P.J.** This is an action of contract whereby the plaintiff seeks to recover for the breach of contract by the defendant's refusal to pay reasonable compensation for services rendered by the plaintiff to the defendant. The answer of the defendant is a general denial, that the plaintiff acted on his own initiative in performing certain acts in the hope of obtaining a contract with the defendant, and that the acts did not benefit the defendant, and that there was no contract between the parties.

There was evidence tending to show the following:

During the six months' period beginning in July and ending in December 1970, the plaintiff, with an experience of 45 years in business and banking, performed services for the defendant, such services being, negotiation and settlement of overdue accounts, contacting financial institutions in search of financing for the defendant, and that as a result of the plaintiff's efforts certain overdue accounts were paid and a real estate mortgage was secured by the defendant and that $2,500.00 was the fair value of the plaintiff's services. Further there was evidence tending to show there was an agree-

ment that there would be reasonable compensation, however, there was no agreement as to the amount of this compensation. The plaintiff did not devote his whole time, but worked about five hours each day over a five month period. There was also evidence tending to show the plaintiff's business experience, earnings and the customary charge for consultant service.

The court found for the plaintiff in the amount of $2,275.00.

The defendant seasonably filed 12 requests for rulings. Requests # 7, 8 and 9 were denied and the defendant claims to be aggrieved by their denial. These requests read as follows:

"7.   The evidence requires a finding that the defendant and the plaintiff did not at any time reach an agreement with respect to the scope of the plaintiff's services and/or his employment on the amount of compensation to be paid to the plaintiff.

8.   The evidence requires a finding that nothing the defendant did or said permits the inference that the plaintiff would be paid for services rendered which he performed on his own initiative in anticipation of receiving a contract.

9.   The evidence requires a finding that the plaintiff invested much time and effort on the strength of his hope and expectation of receiving a contract."

The defendant's argument is based upon

*Graham* v. *Oman,* 358 —— Mass. —— (1970 Adv. Sh. 1517, 1520). In that case it was held that the plaintiff, who had performed services for the defendant, expected to be paid for these services only by deriving the benefits from an exclusive brokerage contract, but the parties never agreed on such a contract. The defendants only told the plaintiff that an agreement might be worked out. There was no offer or an enforceable promise. There was no finding that the defendants asked the plaintiff to perform any services, preceding negotiations on the plaintiff's expected contract and there was nothing done or said which permitted an inference that the defendants agreed that if the parties did not enter into a contract for exclusive brokerage that the plaintiff would be paid for any services she performed on her own initiative in anticipation of receiving the contract. The court held that the plaintiff performed the services in the hope and expectation of receiving a contract. As the court said "The failure of her hopes to materialize has shown the investment to have been unwise, but it does not create an obligation on the defendants to pay for her services".

In the case at bar the report states that there was evidence that the plaintiff did by his efforts produce results favorable to the defendant and that there was an agreement that the plaintiff was to receive reasonable compensa-

tion, but that no agreement was reached as to any specific amount. Further, the report does not disclose any evidence that the plaintiff hoped to procure any future contract with the defendant.

The report states that the plaintiff performed services for defendant, such as negotiation and settlement of overdue accounts, that the plaintiff contacted financial institutions in search of financing for the defendant and as a result of this, overdue accounts were paid and a real estate mortgage was secured by the defendant. Further the report states that there was evidence tending to show that a fair and reasonable value of the plaintiff's services was $2500.00. The court found for the plaintiff in the amount of $2,275.00, $275.00 less than that evidence. The case at bar is plainly not covered by the ruling of the court in *Graham* v. *Oman,* 358 Mass. —— (1970 A.S. 1517).

It is plain that from the evidence reported the court was warranted in finding for the plaintiff.

We perceive no error in the denial of the defendant's Requests for Rulings # 7, 8 and 9.

**Report dismissed.**

STEPHEN M. RICHMOND
for Plaintiff
FLYNN & FLYNN
for Defendant